

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,342-01

**EX PARTE MICHAEL LEE ELLIOTT, JR., Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 40147A IN THE 33RD DISTRICT COURT
## FROM BURNET COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of certain chemicals with intent to manufacture a controlled substance and sentenced to fifty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Elliott v. State*, No. 03-12-00793-CR (Tex. App. — Austin, July 2, 2014).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

because trial counsel advised Applicant incorrectly regarding the punishment range for the offense charged. Applicant alleges that trial counsel advised him to plead guilty in order to receive a lower sentence, but that counsel advised him that the maximum sentence he could receive if convicted by a jury would be twenty years' imprisonment. In fact, the offense as charged was a second degree felony enhanced to first degree felony punishment range by a single prior felony conviction.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state what advice, if any he gave to Applicant regarding the punishment range for the offense charged. If there were plea offers made prior to trial, trial counsel shall state what the terms of those plea offers were, and whether he advised Applicant of the pros and cons of pleading guilty versus going to trial on the charges. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and

conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 3, 2016
Do not publish